UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEITH CLEVELAND,

    Plaintiff,

    v.                                                CAUSE NO. 3:19-CV-578 DRL-MGG

WARDEN, *et al.*,

    Defendants.

OPINION AND ORDER

Keith Cleveland, a prisoner without a lawyer, has alleged that mice and roaches have infested the area where he is housed at the Indiana State Prison, and that he has had to throw away several items because of the infestation, including bedding that the defendants will not replace. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Still, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981),

inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As this circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (inmate established a "prototypical case of deliberate indifference" when his complaints about severe deprivations were ignored).

Mr. Cleveland has alleged an infestation at the Indiana State Prison that colorably satisfies the Eighth Amendment at this pleading stage. Sergeant Gordon stored Mr. Cleveland's property in a closet; and, when it was returned to him, it was full of mouse droppings. Mr. Cleveland was forced to dispose of numerous items, including clothing, food, and wash rags.[1] He tried to use his sheets and blanket despite the droppings, but this resulted in itching, so he threw them away too. His requests for new bedding allegedly have been denied.[2] Prolonged exposure to infestations such as this can amount to an Eighth Amendment violation. *See Davis v. Williams*, 216 F.Supp.3d 900, 907-08 (N.D. Ill. 2016). Mr. Cleveland's allegations satisfy the objective prong of the inquiry.

---

[1] To the extent that Mr. Cleveland is seeking compensation for destroyed property, he cannot proceed because state remedies are available to him to redress the destruction of property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due.").

[2] Mr. Cleveland has been granted leave to proceed against the Warden on a claim for injunctive relief to remedy the conditions of his confinement related to his clothing and bedding in *Cleveland v. Indiana State Prison Warden*, 3:18-CV-420-JD-MGG (N.D. Ind. filed May 30, 2019). *See Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (it is malicious for a plaintiff with *in forma pauperis* status to file a lawsuit that duplicates allegations of another lawsuit brought by the same plaintiff) and *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (suit is "malicious" for purposes of Section 1915A if it is intended to harass the defendant or is otherwise abusive of the judicial process). Because he is pursuing a claim for injunctive relief based on a failure to provide adequate bedding, he may not proceed on that claim here.

With respect to the subjective prong, Mr. Cleveland alleges that Sergeant Gordon knew that the closet was full of mouse droppings before he put Mr. Cleveland's property in the closet, and that the Warden is also aware of the infestation; but neither have taken action to fix the problem. Giving Mr. Cleveland the inferences to which he is entitled, he has stated enough to proceed on his claim against the Warden and Sergeant Gordon in their individual capacities for monetary damages. Additionally, he may proceed against the Warden in his official capacity for injunctive relief. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) ("the warden . . . is a proper defendant [for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out").

For these reasons, the court:

(1) GRANTS Keith Cleveland leave to proceed against the Indiana State Prison Warden and Sergeant Gordon in their individual capacities for monetary damages for allegedly subjecting Mr. Cleveland to unsanitary living conditions while being housed in an area infested with mice and roaches at the Indiana State Prison, in violation of the Eighth Amendment;

(2) GRANTS Keith Cleveland leave to proceed against the Indiana State Prison Warden in his official capacity for injunctive relief to provide Keith Cleveland with sanitary living conditions, as required by the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on the Indiana State Prison Warden and Sergeant Gordon at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that the Indiana State Prison Warden and Sergeant Gordon respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

September 24, 2019
*s/ Damon R. Leichty*
Judge, United States District Court