UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEITH CLEVELAND,

    Plaintiff,

v.                                CAUSE NO. 3:19-CV-578-DRL-MGG

WARDEN, *et al.*,

    Defendants.

### AMENDED OPINION AND ORDER[1]

Keith Cleveland, a prisoner without a lawyer, proceeds on an Eighth Amendment claim against Indiana State Prison Warden and Sergeant Gordon for allegedly subjecting Mr. Cleveland to unsanitary living conditions while being housed in an area infested with mice and roaches. The defendants filed a motion for summary judgment, arguing that Mr. Cleveland failed to exhaust his administrative remedies for this claim as required by 42 U.S.C. § 1997e(a).

The defendants also provided Mr. Cleveland with the summary judgment notice required by N.D. Ind. L.R. 56-1 and a copy of both Federal Rule of Civil Procedure 56 and Local Rule 56-1. ECF 27. The notice informed Mr. Cleveland of the importance of filing a response. It advised that, unless he disputed the facts presented by the defendants, the court could accept those facts as true. *See* Fed. R. Civ. P. 56(e). It further advised that a lack of response could result in the dismissal of his case. *See* Fed. R. Civ. P. 56(a). Mr. Cleveland filed an unsigned response. ECF 39.

A grievance process was available to inmates during Mr. Cleveland's time at the Indiana State Prison. ECF 25-1. This policy sets forth a three-step grievance process. First, an inmate must attempt to resolve his complaint informally. ECF 25-2 at 8-9. If the inmate is unable to resolve the complaint informally, he may file a formal grievance within ten days of the incident giving rise to the complaint.

---

[1] This order is amended to correct a clerical error on page three of the court's original order.

*Id.* at 9-10. Finally, if an inmate is dissatisfied with the resolution of the formal grievance, he may file an appeal within five days of receiving a response to the formal grievance. *Id.* at 11-12.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Under 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).

In his response, which this court considers in the interests of justice though unsigned, Mr. Cleveland indicates that he "did file a grievance[] but didn't exhaust all remedy…" ECF 39. He further notes that Warden Neal "stated that I did file a[n] informal [grievance.]" *Id.* And, he notes he filed a second informal grievance stating that Officer Hall removed a dead mouse from his cell. *Id.* Mr. Cleveland concedes that he didn't file a formal grievance and he offers no explanation for his failure to do so, other than his misguided belief that he isn't required to exhaust the available remedies.

2

Nothing in the record suggests that Mr. Cleveland was unable to submit a timely grievance in accordance with the grievance policy. In fact, the record demonstrates that he submitted a grievance on May 23, 2019 regarding another incident occurring on May 18, 2019. ECF 35-4. In that grievance, he doesn't mention mice or roaches; he complains that he was being housed on the 400 range in violation of doctor's orders and asks to be moved. *Id.*

Mr. Cleveland's complaint suggests that he believed filing a grievance was futile. ECF 1 at 4. He notes that he filed multiple grievances but never received a response. *Id.* It is not clear if he was referencing informal grievances filed regarding the claims at issue here or another incident. However, even if Mr. Cleveland believed that submitting a timely informal grievance was futile, "he had to give the system a chance." *Flournoy v. Schomig*, 152 F. App'x 535, 538 (7th Cir. 2005); *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) ("No one can know whether administrative requests will be futile; the only way to find out is to try.").

Mr. Cleveland's complaint also suggests that he was unsure to whom his grievances should be addressed. ECF 1 at 4. But, the undisputed evidence is that Mr. Cleveland was informed of the grievance process during orientation and that a copy of the grievance process was available to him at the library. ECF 25-1 at ¶¶ 6-7. In sum, the undisputed evidence demonstrates that Mr. Cleveland did not exhaust his available administrative remedies with respect to his Eighth Amendment claim. Therefore, the motion for summary judgment must be granted.

For these reasons, the court:

(1) GRANTS the motion for summary judgment (ECF 25);

(2) DISMISSES this case without prejudice; and

(3) DIRECTS the clerk to enter judgment and to close this case.

SO ORDERED.

April 28, 2020                              *s/ Damon R. Leichty*
                                            Judge, United States District Court